# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JUN 30 2025 PM2:59
FILED - USDC - FLMD - TPA

VASILIS SIDERATOS,

   Plaintiff,

8:25-cv-1681-TPB -SPF

vs

Case No.: [to be determined]

*Orlando Health Bayfront Hospital*, doing business as Bayfront Health St. Petersburg., Defendant.

## COMPLAINT FOR VIOLATION OF EMTALA (42 U.S.C. § 1395dd) AND NEGLIGENCE

Plaintiff, pro se, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd.

2. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendant Bayfront Health St. Petersburg is located in this District and the events giving rise to this action occurred here.

## PARTIES

3. Plaintiff, is a resident of Florida.

4. Defendant Bayfront Health St. Petersburg is a hospital located in St. Petersburg, Florida, and at all relevant times was subject to EMTALA.



## FACTUAL ALLEGATIONS

5. On June 30, 2023, Plaintiff was transported by emergency air evacuation (Bayflite) to Bayfront Health St. Petersburg following a catastrophic accident resulting in traumatic brain injury (TBI), subarachnoid hemorrhage, acute respiratory failure, and post-hemorrhagic anemia, renal failure, ect (to name a few.)

6. Upon arrival, Plaintiff was intubated and diagnosed with the above conditions and some, requiring immediate and critical care.

7. Despite the seriousness of Plaintiff's medical state, Defendant discharged Plaintiff less than 24 hours later on July 1, 2023.

8. Plaintiff was released via Uber to a homeless shelter with two bus passes, (contrary to policy) while still suffering from active brain bleeding, untreated anemia, and impaired cognitive function.

9. On the same day, Plaintiff required readmission to a different hospital due to unresolved medical issues, evidence that Plaintiff was not medically stable at the time of discharge.

10. An officer arrived on scene before the second admittance to the hospital calling close family, relaying that he couldn't believe I was still alive and he could not believe the hospital discharged me so quicky.

11. When I contacted the hospital to seek justification for their actions before suit, a representative informed me that I was released because I "wanted to leave." I reminded her that I was suffering from a concussion at the time, and questioned whether the hospital typically bases critical medical decisions solely on a patient's verbal requests—comparing it to a scenario where a patient requests amputation. When I asked her to identify the page in the records documenting that I had left **Against Medical Advice (AMA)**, she acknowledged what I had already confirmed in the records: that I had **not** signed out AMA, but was in fact **discharged** by hospital staff less than 24 hours after admission

12. .Defendants more-than failed to ensure medical stability prior to discharge, contrary to federal law.

## FIRST CAUSE OF ACTION

(Violation of EMTALA – 42 U.S.C. § 1395dd)

Plaintiff realleges and incorporates by reference the preceding paragraphs.

EMTALA requires that a hospital provide an appropriate medical screening and, where an emergency medical condition is identified, that the patient be stabilized prior to discharge or transfer.

Plaintiff presented with and was diagnosed with multiple emergency medical conditions.

Defendant failed to stabilize Plaintiff before discharging them, as evidenced by Plaintiff's readmission within hours of discharge to another hospital for the same conditions.

Defendant's premature discharge in the face of clear medical instability constitutes a direct violation of EMTALA and an afront to the Hippocratic oath.

18 As a direct and proximate result of Defendant's EMTALA violation, Plaintiff suffered physical and emotional pain, worsening of condition, and incurred significant additional medical expenses.

## Second Cause of action

(Common Law Medical Negligence)

18 **Defendant owed Plaintiff a duty of care** to provide treatment consistent with prevailing medical standards, including:

Appropriately assessing and treating traumatic brain injury and related complications;

Monitoring Plaintiff for signs of instability, especially given his cognitive impairment;

Ensuring informed consent was possible before discharge;

Following hospital discharge protocols, particularly for vulnerable patients.

**Defendant breached that duty** by:

Discharging Plaintiff in less than 24 hours, despite serious life-threatening conditions;

Failing to stabilize Plaintiff before discharge;

Releasing Plaintiff via rideshare (Uber) to a homeless shelter, which was grossly inadequate and dangerous;

26 Ignoring Plaintiff's cognitive limitations from his concussion and brain bleed;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated EMTALA (42 U.S.C. § 1395dd);
B. Award compensatory damages in an amount to be determined at trial, including but not limited to:

- Medical costs related to Plaintiff's initial and subsequent hospitalizations;
- Pain and suffering;
- Emotional distress;
- Other financial losses related to Defendant's conduct;
  C. Award costs of suit and, if permitted, attorney's fees;
  D. Grant such other relief as the Court deems just and proper.

**I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.**

Executed on this 30th day of June , 20 25 .

**Vasilis Sideratos**
1515 Citrus Orchard Way
Valrico, FL 33594
Tel: (863) 944-3487
Email: WhiteLotusEnterprise@outlook.com
**Pro Se Plaintiff**

Dated: 06/30/ 2025